**JOHN MORRELL & CO., a corporation, Plaintiff,**

**v.**

**LOCAL UNION 304A OF THE UNITED FOOD AND COMMERCIAL WORK-ERS, AFL–CIO AND CLC; United Food and Commercial Workers International Union, AFL–CIO and CLC, Defendants.**

**UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, AFL–CIO & CLC; and United Food and Commercial Workers Local 304A, Plaintiffs,**

**v.**

**JOHN MORRELL & CO., a corporation, Defendant.**

**Civ. Nos. 88–5143, 89–5024.**

United States District Court, D. South Dakota, W.D.

March 15, 1989.

Jeremiah D. Murphy, Boyce, Murphy, McDowell & Greenfield, Sioux Falls, S.D., George Joseph, Michael P. Foradas, Leslie M. Smith, Kirkland & Ellis, Chicago, Ill., for plaintiffs.

Nicholas W. Clark, Richard R. Roesel, Assts. Gen. Counsel, United Food and Commercial Workers Intern. Union, Washington, D.C., Donald R. Shultz, Lynn, Jackson, Shultz & Lebrun, Rapid City, S.D., Michael I. Smith, Alan M. Geib, Myerson & Kuhn, New York City, for defendants.

## MEMORANDUM OPINION AND OR-DER VACATING ARBITRATOR'S AWARD

BATTEY, District Judge.

### NATURE AND PROCEDURAL HISTORY

This matter comes before the Court on John Morrell & Co.'s (Morrell's) application to set aside the November 5, 1988, award

of arbitrator William E. Rentfro. Local Union 304A of the United Food and Commercial Workers, AFL–CIO and CLC and United Food and Commercial Workers International Union, AFL–CIO and CLC (Union) apply for enforcement of the award. The arbitrator found that: "The 1987 sympathy strike was permitted by the clear, unambiguous and express provisions of this collective bargaining agreement." On March 10, 1988, more than seven months prior to the arbitrator's award, a jury empaneled in the Western Division of the District of South Dakota returned a verdict that the strikes at issue violated the collective bargaining agreement between the parties and were therefore illegal. The arbitrator, although possessing knowledge of the district court action, failed to follow the issues decided in the liability phase of the trial.[1] A separate jury empaneled in the Western Division of the District of South Dakota returned a damage verdict on November 10, 1988, in favor of Morrell in the amount of $24,600,000.

On November 8, 1988, Morrell filed an application and motion to set aside or stay the November 5, 1988, award of the arbitrator. The following day, on November 9, 1988, Union filed a complaint in United States District Court for the Northern District of Illinois, Eastern Division, seeking enforcement of the same award. The Illinois court, on February 10, 1989, transferred the Union's case to this Court pursuant to 28 U.S.C. § 1404(a). This Court then, pursuant to Fed.R.Civ.P. 42(a), consolidated the two cases by order dated March 6, 1989.

The Court has reviewed the extensive briefs in both cases. Having considered the arguments of the parties, the Court finds that the award of arbitrator William E. Rentfro of November 5, 1988, determining that "[t]he 1987 sympathy strike was permitted by the clear, unambiguous and express provisions of this collective bargaining agreement," must be vacated for the reasons set forth below.

## DISCUSSION

■ The issue before the Court is whether the parties agreed to arbitrate the legality of the May 1 to November 4, 1987, sympathy strike. As the United States Supreme Court held in *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960), "[T]he judicial inquiry under § 301 must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance or did agree to give the arbitrator power to make the award he made."

In *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986), the Supreme Court applied the principles necessary to decide this issue as established in the *Steelworkers Trilogy: Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); and *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). The Court concisely stated:

> The first principle gleaned from the *Trilogy* is that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Warrior & Gulf, supra*, 363 U.S. [574],

---

1. The Court, to prevent confusion concerning the verdict, submitted the following two-part special interrogatory to the jury:

**SPECIAL INTERROGATORY #1**

We find that the strike of May 1, 1987, was a: (Select one alternative)

_____ Sympathy strike

_____ Primary or economic strike

**SPECIAL INTERROGATORY #2**

Is the defendant Local Union 304A prohibited by the terms of the collective bargaining agreement from engaging in sympathy strikes?

_____ Yes

_____ No

The jury found that the May 1987 strike was a sympathy strike (as did the Eighth Circuit in *John Morrell & Co. v. Local Union 304A*, 804 F.2d 457 (8th Cir.1986)) and further answered Special Interrogatory #2 in the affirmative, finding that Union had bargained away (waived) its right to engage in sympathy strikes (an issue not previously before the Eighth Circuit).

at 582, 80 S.Ct. [1347], at 1353 [4 L.Ed.2d 1409 (1960)]; *American Mfg. Co., supra,* 363 U.S. [564], at 570–571, 80 S.Ct. [1343], at 1364–1365 [4 L.Ed.2d 1403 (1960)] (BRENNAN, J. concurring). This axiom recognizes the fact that arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration. *Gateway Coal Co. v. Mine Workers,* 414 U.S. 368, 374, 94 S.Ct. 629, 635, 38 L.Ed.2d 583 (1974).

The second rule, which follows inexorably from the first, is that the question of arbitrability—whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance—is undeniably an issue for judicial determination. Unless the parties clearly and unmistakably provide otherwise, *the question of whether the parties agree to arbitrate is to be decided by the court, not the arbitrator.*

(Citations omitted.) (Emphasis added.) The Supreme Court went on to note that: "The willingness of parties to enter into agreements that provide for arbitration of specified disputes would be 'drastically reduced,' however, if a labor arbitrator had the 'power to determine his own jurisdiction....'" Cox, *Reflections Upon Labor Arbitration,* 72 Harv.L.Rev. 1482, 1509 (1959)."

The Eighth Circuit Court of Appeals in *Centralab, Inc. v. Local 816, Elec., et al. Workers,* 827 F.2d 1210 (8th Cir.1987), applying the principles set forth in *AT & T,* held that where an arbitrator decided issues not properly before him the district court correctly vacated the award. In vacating an arbitrator's award for exceeding the scope of his authority, a district court does not ignore the strong precedent requiring courts to give great deference to the arbitrator's remedial powers. The Eighth Circuit found:

Rather, whereas here, a court concludes that the arbitrator did not stay within the bounds of his authority, this principle of deference inevitably gives way, as recognized by the Supreme Court in *Enterprise Wheel,* to the greater principle that an award not drawing its essence from the agreement is not entitled to judicial enforcement.

*Id.* at 1217.

In his November 5, 1988, award, arbitrator Rentfro found it necessary to determine the legality of the sympathy strike from May 1 to November 4, 1987, as a threshold issue before addressing the seniority and discrimination provisions of the collective bargaining agreement. In so doing, the arbitrator considered the Eighth Circuit decision in *John Morrell & Co. v. Local Union 304A,* 804 F.2d 457 (8th Cir.1986) (*Morrell I*) and the jury verdict rendered in the liability phase of *John Morrell & Co. v. Local Union 304A,* 641 F.Supp. 803 (D.S.D. 1986) (*Morrell II*). The result arrived at by the arbitrator was that the language of the collective bargaining agreement was so clear that any evidence of waiver by the Union of its right to sympathy strike "pushes the language of the contract past the breaking point." The arbitrator's decision was reached without the benefit of any parol evidence on the issue of waiver. The arbitrator stated, "Further, the arbitrator has not had the benefit of a transcript of the trial, the instructions of the trial court, or any record evidence which would give credence to that court's decision to submit this issue to a jury." Thus the arbitrator specifically failed to abide by the final judgment of the district court—a decision which remains final until reversed by appropriate appeal process.

This Court need not relitigate the merits of the arbitrator's award in deciding whether the parties agreed to submit the legality of the sympathy strikes to arbitration. *AT & T Technologies, Inc.,* 475 U.S. at 649, 106 S.Ct. at 1418. The Court, however, does find the lack of waiver evidence most telling in determining whether Morrell agreed to submit the legality of the sympathy strike for the arbitrator's consideration. It is difficult for the Court to fathom the notion that Morrell, after obtaining a successful jury verdict, would simply abandon that verdict, voluntarily resubmit the identical issue to arbitration, and then fail to introduce any evidence on the issue of waiver. This is particularly troubling in

light of the fact that Morrell had daily copy of the trial transcript at its immediate disposal.

A review of the proceedings in district court prior to submission of the seniority and discrimination provisions of the collective bargaining agreement to arbitration is necessary to understand the strength of Morrell's position that it never agreed to place the legality of the sympathy strikes before the arbitrator. In *Amcar Division ACF Industries, Inc. v. NLRB*, 641 F.2d 561 (8th Cir.1981), the Eighth Circuit found that employees may waive their right to engage in sympathy strikes. Considering a collective bargaining agreement with no express sympathy strike waiver, the court held:

> There are a number of relevant facts to examine in determining whether the Union intended to waive its right to engage in sympathy strikes. We look to the language of the contract, the structure of the contract, the bargaining history, and any other relevant conduct of the parties that shows their understanding of the contract.

*Id.* at 567 (citations omitted).

█ This evidence of bargaining history and relevant conduct was never before the arbitrator. The fact that neither party submitted such evidence suggests that the arbitrator was not to decide the issue. The jury empaneled in the liability phase (*Morrell II*) on the other hand, received abundant evidence of the parties' understanding of the sympathy strike provisions in their collective bargaining agreement. After hearing the evidence, the Court instructed the jury in accordance with the law established by the Eighth Circuit in *Amcar*. Jury instruction #12 stated in part:

> However, the right to engage in a sympathy strike is a right which can be waived, that is, relinquished or given up by entering into a collective bargaining agreement which by its terms waives such right. Whether the defendant Local 304A waived the right to engage in sympathy strikes is for you to decide.

.    .    .    .    .

> In determining this issue you are entitled to examine the contract language, the structure of the contract, the bargaining history and other relevant evidence which the Court admits for your consideration on the issue of the intent of the parties.

The result was a verdict finding the sympathy strikes to be illegal under the collective bargaining agreement. Such finding became the law of the case.

The distinction between the issue presented in *Morrell I* and *Morrell II* is clear. In Morrell I the Eighth Circuit, reversing the district court's grant of a preliminary injunction, found that the Union had participated in 1986 sympathy strikes rather than economic strikes over arbitrable grievances. The court had no need to address the issue of waiver which was the issue in *Morrell II*. This Court distinguished the two issues in its order denying defendants' motion to reconsider where it held:

> In *Morrell I*, the issue was not whether the Union had waived its right to engage in sympathy strikes, but rather the issue was whether the Union had in fact engaged in a sympathy strike which was exempt from injunction under the Norris–LaGuardia Act, 29 U.S.C. § 104. At no time did the district court or the Eighth Circuit Court of Appeals consider the factors set forth in *Amcar, supra*, at 567 and decide whether the Union waived its right to engage in sympathy strikes.

In *Morrell II*, the jury determined that Union had participated in sympathy strikes. The issue for the jury, then, was whether Union waived its right to sympathy strikes under *Amcar*. This Court utilized special interrogatories to properly prepare this case for the ultimate decision of the Eighth Circuit Court of Appeals. This methodology permits a reversal without the expense of a costly retrial.

To allow the arbitrator's award to stand, the Court must find that Morrell made a voluntary decision to abandon its waiver theory and to allow the arbitrator to decide the legality of the sympathy strike on the contract language alone. In light of the

jury verdict deciding that the Union waived its right to sympathy strike, such a contention is absurd. Just as there comes a time when "the court should cease listening to testimony that white is black and that a dollar is fifty cents" (Corbin, *The Parol Evidence Rule*, Yale L.J., 603, 623 (1944)), a court must use its "judicial discretion" and "common sense" to view the realities of litigation, particularly in a case of such staggering importance.

A review of this file makes it clear that neither party in this series of cases has left a stone unturned. The litigants have briefed and argued each and every detail. The suggestion that Morrell agreed to submit the legality of the sympathy strikes to arbitration after having secured a successful jury verdict flies in the face of common sense.

Most important in determining whether the parties agreed to submit the legality of the sympathy strike to arbitration is the arbitrator's own characterization of the issue before him. The arbitrator's award states the issue as: "Do the seniority and discrimination provisions of the parties' collective bargaining agreement apply to the recall of those employees who were on sympathy strike from May 1 to November 4, 1987?" Even more enlightening is footnote 2 following the issue statement where the arbitrator noted Morrell's limited submission. Footnote 2 provides: "UFCW has attempted to subdivide this general issue into a series of subissues. Because the company only stipulated to the general issue, the arbitrator has retained the more general formulation." Nowhere in the arbitrator's issue statement does the arbitrator even hint at the possibility that the legality of the sympathy strike was submitted for arbitration.

The arbitrator, by deciding the legality of the sympathy strike, ignored his own characterization of the issue before him. The arbitrator's failure to request evidence on the issue of waiver served to reaffirm Morrell's belief that the legality of the sympathy strike was not subject to arbitration.

Morrell's failure to submit the evidence already compiled in trial transcripts on the issue of waiver demonstrates that it did not agree to arbitration of the sympathy strike issue. To decide an issue of such magnitude without the consent of Morrell and without fully developing the record amounts to arbitration by ambush.

Because this Court has found that the legality of the sympathy strike was not properly before the arbitrator, it would not need to reach the res judicata effect of the jury verdict in *Morrell II* on the arbitrator's award. The Court, however, does so in order to provide a complete resolution of this case. Had the legality of the sympathy strike been submitted to the arbitrator, he would have been bound by the decision in *Morrell II* that the sympathy strike was unlawful. The jury verdict in *Morrell II* was the law of the case and should have been followed in the arbitrator's award determining the application of seniority and discrimination provisions of the collective bargaining agreement.

In *Stroh Container Co. v. Delphi Industries, Inc.*, 783 F.2d 743, 750 (8th Cir.1986), the Eighth Circuit held that while an arbitrator's interpretation of the law is insulated from judicial review, an arbitrator's disregard for the law is not and may open the door for judicial scrutiny. The court held:

> Further, such disregard must "be made clearly to appear" ... and may be found "when arbitrators understand and correctly state the law, but proceed to disregard the same...."

*Id.* The arbitrator in this case clearly delineated the law to be applied, discussing both the Eighth Circuit's decision in *Morrell I* and the jury verdict in *Morrell II.* The arbitrator then proceeded to disregard the same and make an independent evaluation. The arbitrator ignored the Eighth Circuit's decision in *Morrell I* claiming that, "nor can the arbitrator be sure the Eighth Circuit will abide by its prior decision, dicta or not."[2] The arbitrator ignored the jury verdict in *Morrell II*, stating:

> It does not consider the reference to the contract provision and sympathy strikes dicta.

**2.** This Court believes that *Morrell I* was properly decided under the theory of the case presented.

It is true that the district court's decision is more directly on point, since it concerns this very strike. But the Eighth Circuit will almost surely have the last word. Further, the arbitrator does not have the benefit of a transcript of the trial, the instructions of the trial court, or any record evidence which would give credence to the court's decision to submit this issue to a jury. Thus, the arbitrator cannot be sure of the basis for that decision.

It is fundamental law that a jury verdict is the law of the case and is final and binding until reversed by an appellate court. *Stoll v. Gottlieb*, 305 U.S. 165, 170, 59 S.Ct. 134, 136, 83 L.Ed. 104 (1938). To ignore the law of the case simply because it has not yet been appealed is a manifest disregard of the law. Further, the law remains the law and the fact that the arbitrator was concerned that this Court may have erred in submitting the issue of waiver to the jury is irrelevant. The Eighth Circuit Court of Appeals and not the arbitrator will be the final authority as to whether this Court erred in its trial submissions of *Morrell II*. An arbitrator does not sit as an appellate court.

Whether the decisions of this Court made in both the liability and damages phases of *Morrell II* and its opinion in the present action are sound is a matter for the Eighth Circuit Court of Appeals. *Morrell II* is currently on appeal to the Eighth Circuit. To ease judicial administration, this Court has attempted to place this case in a posture for appeal so that all issues arising out of these sympathy strikes may be considered together.

■ It is therefore the determination of this Court that the arbitrator exceeded his authority by deciding the legality of the sympathy strike which was an issue not properly before him and further the doctrine of res judicata precludes his further inquiry into the issue of the question as to whether or not sympathy strikes were barred by the collective bargaining agreement.

In view of the fact that the arbitrator deemed the legality of the sympathy strike to be a prerequisite to the subsequent award, the award of November 5, 1988, will be vacated. Accordingly, it is hereby

ORDERED that the November 5, 1988, arbitration award of arbitrator William E. Rentfro is hereby vacated.

IT IS FURTHER ORDERED that judgment is to be entered in favor of John Morrell & Co.