Duane SKYBERG, Appellant,

v.

UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, AFL–CIO; United Food and Commercial Workers International Union, Local 304A, Appellees,

Duane SKYBERG; Roger Raile; Pat Siemonsma; Mark Reichelt; Gene E. Kessinger; Richard W. Erickson; Richard L. Schmidt; L.C. Cruthird; J.B. Tate; Dale M. Bergh; Lowell D. Larson; Roger H. Christensen; Ronald Costain; John H. Cox, Jr.; Wayne C. Wieczorek; George S. Shaw; Dennis Tilden; Lana Ingalls; Edwin A. Haffner; Keith E. Hodge; Robert M. Janssen; Neil C. Carpenter; Gary Voight; Richard Kloxin; General Lee Hardy; Leon Schoenwald; Eugene Haugstad; Don E. Hess; Paul Jackson; Bert VanderWaal; Jack A. Wiles; Gerald B. O'Brien; Gary L. Rames; Roger Benson; Leonard N. Otkin; Ray Ridenour; Albert VonBehren; Galen Ganschow; Gerald D. Skillman; Donnell Spears; William R. Wells; Linda R. Skillman; George W. Cleveland; Robert K. Boyum; Grant Edgecomb; Donald Gelskow; Duane Bolte; Michael E. Foss; Merlyn D. Tieszen; Kenneth C. Stanga; Marlyn Hylland; Rick A. Rieck; Gayle L. Holida; Francis Tindall; Terry Schlotterback; Duane V. Murra; Norman O. Schumaker; Alfred C. Hyser; James Spars; Eugene W. Heiden; Leon N. Anderson; David McCoy; Jerry Friessen; Jeffery Nelson; Dennis Arens; Russell F. Dietz; Darrell Newbern; Charles Amelang; Doug Sandberg; Wayne Kingsboro; Waldon Frerichs; Roger R. Allington; Mark Sinning; Dennis L. Bamsey; Dick E. Walters; Duane A. Nelson; Doris A. Walters; Linden Fickbohm; Dale L. Jibben; Robert Purlee; Ronald Tammen; Albert G. Kasemodel; Wayne Yarrow; Hurley Breen; Douglas Haugstad; Thomas H. Brown; Dale Tracey; Wayne J. Brannan; Mark F. Darger; William L. DeLay; Jerome P. Geraets; Dennis Krueg-

er; Franz Frerichs; Jan M. Aichele; Darrell G. Messer; Gerrit M. Van Laar; Richard J. Kueter; Jeremiah W. Smith; Carl Dammer; Robert J. Snyders; George R. Redenius; Thomas J. McMohon; Leamon Hendrix; Wessley L. Campbell; Anthony J. Irvine; Dan Moran; Willard A. Bowne; Larry Kuhnert; Duane L. Christensen; John D. Christion; Lonnie Schultz; Robert L. Soma; Phyllis J. Thompson; Mark S. Reiners; Kevin Hagen; William J. Brannan; Cecil Johnson; Glen V. Walters; Ronald F. Benning; Titus J. Friedrich; Jerry Lee Taylor; Fred Lee; Delmar Ballerman; Herman E. Keikwold; Patti J. Fox; Dennis Zahrenhusen; Matthew J. Balk; Don Fox; Robert F. Hall; Robert J. Gacke; Jerry T. Peterson; Ervin Fetters; Robert A. Decker; Kenneth G. Gunderson; Kenneth Raanes; Jerry L. Bender; Cindy S. Fines; Charlene Wright; Richard Richter; Luella G. Lafrentz; James E. Symes; Parker J. Kunkel; Steve Wallenstein; Randy L. Jacobson; Eric E. Pedde; Leon L. Gerdes; Monte R. Martell; Lynn Joneson; Lyle Olson; Linda McCollar; Arlene F. Brasel; Steve Christian; Hilman Fleischhacker; Doris M. Miller; James Brandt; Vincent P. Siemonsma; Donald B. Thompson; Freddie Crawford; Jeff D. Swenson; James B. Siemonsma; Lawrence M. Hanson; Raymond W. Gardner; Dennis Puthoff; Annie L. Vaughn; Robert Jensen; Robert E. Williams; Ronald L. Beaner; Ronald D. Hatch; Richard O. Nelson; Wanda DeBoer, Executrix of the Donald DeBoer Estate; Delores J. Butenschoen; Gary K. Mears; Larry D. Plucker; James L. Wilkin; Robert L. Crowe; James G. Wermers; Robert E. Williams; Larry Kluin; Gene White; Leonard L.R. Christian; Rondall D. Roskens; Linda K. Hanson; Dennis McDonald; Robert Wallenberg; James O'Toole; Charles R. Kueter; John R. Hennings; Mike McConnell; Marriann M. Sudenga; Jeff J. Steward; Gene E. Paetow; Ronald W. Plucker; Marilyn Pesicka; Charles W. Headrick; Roger Leeper; Howard D. Rehfeldt; Donald Rames; Robert L.

Bronson; Kenneth K. Koopman; Robin D. Shaw; Donald L. Lager; Robert Leloux; Jimmie D. Schmuck; Gregory M. Johnson; Donald D. Otten; Daryl Sagness; Susan K. Johnson; Alan Amundson; Jack D. Hamilton; Alvin Pesicka; Leo J. Ennis; John Ogle; Duane Hartman; Dennis E. Thomas; Todd Schmig; William R. Henle; Jerome L. Gaspar; Dennis C. Wettig; Tom Ruhlman; James D. Amundson; William Dean Haley; Monte Skillman; Ron Schultz; Jack Dailey; Jerry M. Thornton; Wendell Fleischhacker; Curtis J. Anderson; Walter N. Jonnes; Marlys Y. Madsen; William G. Miller; Beverly J. Hill; Kevin R. Snyders; Duwayne L. Wolleber; Jack E. Nelson; Steve Aulner; Brian Versluys; Daryl Buthe; Judy Baker; Darrell Wampler; Marvin L. Skow; Dale L. Phelps; Luverne C. Frerichs; Monte Muchow; Gordon Spars; Steven Fritz; Hans Kjergaard; Larry Bethke; Richard J. Eulberg; Michael Tanner; Cynthia Voelker; Linda J. Wahlert; Larry Beynon; Matthew Long; Randy L. Horn; Joe D. Vaughn; Donna VanHove; Robert Rehfeldt; Rodney L. Javers; Gene Wiblemo; Jerry W. Kappenman; Mike Siemonsma; Elbert Thompson, Sr.; Kim Rensch; Lombus Crenshaw; Mack Henderson; Don K. Smith; Dale R. Entringer; William Breen, Jr.; Daniel Watkins, Sr.; Vernon Jelsma; Robert H. Namanny; William H. Dickey; Sylvester Fair; Sharla Conklin; Norman J. Eide; Mark John Ault; Gene L. Zimmer; Thomas L. Hamilton; Marvin L. Nytroe; John P. Decou; Leroy Geiken; Donald Horton; Eugene Struck; Robert Paul Brinkhus; Constance Lewis; William Wolf; Kenneth Foss; Milvia Ellsworth; Arnold A. Abbas; John M. Miller; James Sibert, Jr.; Gwen Sibert; Ronald Running; Douglas J. Martinek; Jeff T. Geraets; Mark Downs; Daniel Jay Christensen; Frank H. Petheram; Bruce Breen; Mark Bills; Steve Erickson; Gerard VanSurksum; Chad B. Outka; James A. Larson; Gerald Ordal; Duane H. Gustafson; David

D. Gustafson; William M. Dooley; Steve Bannwarth; Wayne D. Taylor; Dennis L. Gannon; Gary W. Gibson; Jerome Halvorson, II; Ronald L. Chase; Dan Merrigan; Dale W. Kirk; James Huwe; Ray F. Atwood; Ben Otten; Alan G. Fodness; Terry Kapsch; Rhonda Wheeler; Kenneth L. Miller; David J. Wheeler; Cheryl Wheeler; Jerry D. Hurley; Reed L. Strom; Randy L. Hanson; Donald E. Roed; Tom C. Ryan, Jr.; Dennis Christensen; Cyril T. Gross; Donald R. Reurink; James L. Spicer; Allan L. Dreesman; Bruce J. Livesay; Sharon R. Bond; John Poppenga; Jerry R. Zeig; Vincent L. Huwe; Donald Reiter; James W. Tatge; Steve Heiman; Richard Thompson; Charles E. Kepford; Robert J. Miller; Merle E. Marshall; Dale D. Long; Michael Hoek; Joseph R. Donelan; David Twedell; Ronald G. Sechser; Terry L. Baum; Glenn Edberg; Douglas A. Langdon; Adam T. Pham; Dan Moyer; Terry Bendt; Raymond L. Wold; Keith E. Kepford; John E. VanVelzen; Douglas L. Foster; Robert J. Fetters; Steven C. Arens; Randall Vance; Roger Bute Anderson; Richard Sundem; Calvin G. Chambers; Richard J. Kueter, Jr.; Craig Franken; Jack J. Parker, Sr.; Kenneth Blom; Thomas E. Coyne; Kenneth H. Kwallek; Scott Ulrikson; Ronald R. Jacobson; Thomas R. Dossett; William Dean McKinney; Mike Kapsch; Roland Pearson; Sheridan C. Johnson; Donald E. Meints; Robert J. Fansin; Gena Ellefson; Stephen T. O'Hara; Jerry L. Muchow; Eugene E. Lambert; David Washburn; Tom Fiedler; James A. Donelan; Douglas M. Walker; Gene M. Nelson; Jon Volz; Eddie Everson; Thomas Gerwer; Johnny Bernard Christion; Dennis E. Blankartz; Vern Thompson; David Jackels; Walt Csordacsics; Harley D. Thompson; Donald L. Sundby; Clydeen Joy Korstad; William Joseph Essem; Jerry L. Edmunds; John Logan Smith, Jr.; Kevin Pulford; Phillip D. Crider; Randy Reichelt; Terry Gaspar; Dwane Muth; Connie J. Vithoven; Dennis Swenson; Bruce L. Berke; Leon H. Feldhaus; Jerry Murphy; Leonard H. Ellens, Jr.; Robert Berg; Lynus Pickart; Lawrence Hewer; Maynard Hennings; Terry Bills; Herman Smidt; Kenneth Haas; Jerrold A. Berke, Sr.; I. Cregg Else, Appellants,

v.

UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, AFL–CIO; United Food and Commercial Workers International Union, Local 304A, Appellees.

Nos. 92–3134, 92–3342.

United States Court of Appeals, Eighth Circuit.

Submitted June 18, 1993.

Decided Sept. 14, 1993.

**300**

A. Stevenson Bogue, Omaha, NE, argued (A.J. Swanson, Sioux Falls, SD, on the brief), for appellants.

Theodore Sachs, Detroit, MI, argued (Mary Ellen Gurewitz, Detroit, MI, on the brief), for appellee UFCW Intern. Union.

Irving M. King, Chicago, IL, argued (Kelly J. Hupfeld, on the brief), for appellee UFCW Local Union 304A.

Before JOHN R. GIBSON, Circuit Judge, ROSS, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

ROSS, Senior Circuit Judge.

This appeal is brought by 426 individuals (the "employees") who were employed at the John Morrell & Co. ("Morrell") meat packing plant in Sioux Falls, South Dakota, and who were also members of the labor unions representing the plant workers, Local 304A, United Food and Commercial Workers Union, and United Food and Commercial Workers International Union, AFL–CIO (collectively referred to as the "unions"). The employees filed suit alleging that the unions had breached their duty of fair representation to the employees by failing to properly advise the employees as to the legal consequences of their participation in a sympathy strike. The district court dismissed the action, concluding that the case was barred by the six-month statute of limitations. We affirm.

I.

According to the complaint, the employees engaged in a sympathy strike from May 1, 1987, through November 4, 1987, in support of a union strike at the Morrell plant in Sioux City, Iowa. When the employees attempted to return to work following the strike, Morrell informed them they had been permanently replaced. The unions then filed grievances alleging, among other things, that Morrell had failed to return the employees to work in a timely manner. The matter was submitted to arbitration and, on November 5, 1988, the arbitrator held that the collective bargaining agreement did not prohibit the sympathy strike, that the employees were entitled to displace the strike replacements and were entitled to backpay.

In the meantime, Morrell sued the unions in federal district court. A jury found the strikes were unlawful under the no-strike clause of the collective bargaining agreement and awarded $24.6 million to Morrell. Morrell thereafter moved to vacate the arbitrator's award. The district court ruled that the arbitrator had exceeded the scope of his authority and that the jury verdict had preclusive effect. *John Morrell & Co. v. Local*

*304A, UFCW,* 708 F.Supp. 273 (D.S.D.1989). This court affirmed the district court on both grounds. *John Morrell & Co. v. Local 304A, UFCW,* 913 F.2d 544 (8th Cir.1990). On April 29, 1991, the United States Supreme Court denied the unions' petition for certiorari. —— U.S. ——, 111 S.Ct. 1683, 114 L.Ed.2d 78 (1991).

The unions thereafter renewed their grievances before the arbitrator, asserting that the lawfulness of the strike was not relevant to their success in arbitration. The employees claim that the officials from the local union assured them that the arbitration process remained viable and if the arbitration option proved unsuccessful, the employees could sue the international union. Morrell, however, refused arbitration and sought a declaratory judgment in the district court that the continued arbitration was foreclosed by the judicial determination that the sympathy strike was illegal.[1]

On February 25, 1992, 426 union members sued the international and local unions for breach of the duty of fair representation, claiming that before and during the sympathy strike the unions misrepresented and failed to inform them of the legal ramifications of participating in the strike. On September 8, 1992, 800 F.Supp. 855 the district court granted the unions' motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the employees' claims were barred by the six-month statute of limitations. The court held that the cause of action accrued on November 4, 1987, when the sympathy strike ended, and that the statute of limitations period ended six months later, on May 4, 1988. The court rejected the employees' argument that the limitations period was tolled while the parties were litigating to compel arbitration over post-strike remedies because when the strike ended on November 4, 1987, the employees were aware of the material facts which gave rise to their claim.

The district court also concluded on the merits of the claim that the unions' conduct, "i.e., advice regarding the ramifications of the strike," was not unreasonable in light of the factual and legal landscape at the time of the strike. As the facts made clear, the legal issues relating to the legality of the sympathy strike were the subject of a great deal of litigation and the mere fact that the unions lost did not establish a factual issue on whether they acted in bad faith.

## II.

■ Both the employees and the unions agree that the six-month statute of limitations prescribed by section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), governs the employees' claim. *See DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 172, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983). The parties disagree, however, on the time of accrual of the cause of action and on the question of tolling of the statute of limitations.

■ Although the *DelCostello* Court indicated that section 10(b) requires filing of a duty of fair representation claim within six months of the action's accrual, it did not provide guidance in determining when such a claim accrues. Courts have generally held that the six-month limitations period begins to run when the employee knows or reasonably should know that the union has breached its duty of fair representation. *Santos v. District Council of United Bhd. of Carpenters,* 619 F.2d 963, 969 (2d Cir.1980). Put another way, "[a] cause of action ordinarily accrues when 'the plaintiff could first have successfully maintained a suit based on that cause of action.'" *Id.* at 968–69 (quoting *Bell v. Aerodex, Inc.,* 473 F.2d 869, 873 (5th Cir. 1973)). A reasoned analysis of the question of when a duty of fair representation claim accrues must necessarily focus on the context in which the claim arose. *Galindo v. Stoody Co.,* 793 F.2d 1502, 1509 (9th Cir.1986); *see also Lucas v. Mountain States Tel. & Tel.,*

---

1. The district court agreed with Morrell's position, finding that the unions' right to arbitration would depend upon the validity of the sympathy strike. The Eighth Circuit reversed, however, concluding that the issues remaining before the arbitrator could be characterized as whether the unions should prevail even if the strike was illegal. *John Morrell & Co. v. Local 304A, UFCW,* 992 F.2d 205 (8th Cir.1993).

909 F.2d 419, 421 (10th Cir.1990). Therefore, we consider the precise issue raised in the employees' cause of action.

According to the complaint, the employees contend the unions breached their duty to "fairly represent Plaintiffs during the course of the initiation and maintenance of a picket line at their place of employment in Sioux Falls." Specifically, the complaint provides that the unions breached their duty by their "affirmative misrepresentations ... [a]nd failure to fully inform [the employees] of the legal ramifications of their refusal and failure to cross the picket line established by [their sister union], [and] [b]y their active concealment of the expressed intent of [Morrell] to permanently replace those employees who failed and refused to cross the picket line." In sum, the basis of the employees' claim is that the unions breached their duty by failing to properly advise them of the legality and consequences of the strike.

Therefore, under the legal framework set forth above, we must conclude that the limitations period accrued no later than April 29, 1991, when the Supreme Court denied the petition for certiorari on appeal from this court's conclusion that the sympathy strike was illegal. At this point, the issue of the legality of the strike was conclusively resolved and the employees should have been aware of the unions' failure to properly advise them of the legal ramifications of participating in the strike.

■■■ The employees, however, argue that the statute of limitations was tolled because of the unions' alleged representations subsequent to the Supreme Court's denial of certiorari as to the continuing viability of the arbitration process. In essence, the employees contend that the unions intentionally misrepresented the future availability of additional arbitration proceedings to recover backpay and reinstatement.[2]

■■■ The statute of limitations may be tolled by the doctrine of equitable estoppel, which assumes that the plaintiff is aware of the facts underlying his or her cause of action, but is persuaded to forego filing suit by virtue of the defendant's actions. Equitable tolling arises only "upon some positive misconduct" by defendant to toll the statute of limitations, which is deliberately designed to lead the plaintiff not to bring an action within the permissible time. *Kriegesmann v. Barry–Wehmiller Co.*, 739 F.2d 357, 358–59 (8th Cir.), *cert. denied*, 469 U.S. 1036, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984) (equitable estoppel considered in the context of an ADEA claim).

We cannot accept the employees' contention that the unions' ongoing efforts at arbitration served to induce them to sit on their rights. The remaining arbitration was unrelated to the gravamen of the employees' complaint for unfair representation, which was clearly premised on the invalidity of the sympathy strike. In contrast, the issues raised in the subsequent arbitration relate to the post-strike rights of the employees, notwithstanding the legality of the sympathy strike. Not only do the employees concede that the pending arbitration does not relate to the issue of whether the sympathy strike was legal, but this court also confirmed the viability of future arbitration by concluding that the issues remaining in arbitration were not predicated upon the legality of the strike. *See John Morrell & Co. v. Local 304A, UFCW, supra*, 992 F.2d at 207.

The employees could not have reasonably believed that the unions' continued efforts at arbitration would serve to extend the time for filing their claim. Any representations made by the unions as to the likelihood of future success through arbitration would, at best, speak to the possibility of mitigating the amount of damages, but would not

---

**2.** We reject the employees' argument that the district court abused its discretion in failing to consider the so-called Skyberg Declaration so as to convert the otherwise Rule 12(b)(6) motion into one for summary judgment. *See* Fed. R.Civ.P. 12(c). Although matters outside the pleadings were presented to the court, Morrell's motion to dismiss was not converted into a summary judgment motion. The district court's or-

der makes clear that the judge ruled only on the motion to dismiss, and we treat the case as being in that posture. *See E.E.O.C. v. Reno*, 758 F.2d 581, 583 n. 6 (11th Cir.1985). A court has wide discretion in electing to consider matters outside the pleadings. We conclude the district court did not abuse its discretion in failing to do so here.

amount to positive misconduct designed to prevent the employees from filing a timely cause of action. This court has held "as a matter of law, 'the [employer's] attempt to mitigate the harshness of a decision terminating an employee, without more, cannot give rise to an equitable estoppel.'" *Kriegesmann, supra,* 739 F.2d at 358 (quoting *Price v. Litton Bus. Sys., Inc.,* 694 F.2d 963, 965 (4th Cir.1982)).

Therefore, the employees were aware, on April 29, 1991, when the Supreme Court denied certiorari that their unions had improperly advised them of the legal ramifications of engaging in a sympathy strike. Thus, it was no later than this date that the cause of action accrued.[3] Any subsequent effort on the part of the unions to arbitrate issues outside the issue raised in the complaint did not serve to toll the statute of limitations period. Accordingly, we conclude that the statute of limitations expired no later than October 29, 1991, and that this cause of action, having commenced on February 25, 1992, is barred by the statute of limitations.

---

3. We do not decide, because it is unnecessary to do so in this context, whether the district court correctly concluded that the cause of action accrued on the date the sympathy strike ended.