27 F.3d 572
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Gale D. MATTAROCCI, Appellant,
v.
BROTHERHOOD OF RAILROAD, AIRLINE AND STEAMSHIP CLERKS;
Brotherhood of Railroad, Airline and Steamship
Clerks, Lodge 471, Appellees.
 No. 93-3948NE.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 7, 1993.
Filed: June 15, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 After losing his job, railroad inspector Gale D. Mattarocci brought a grievance against his former employer and his union processed the grievance through arbitration. An arbitration board made an award denying the grievance on January 20, 1990. Mattarocci learned of the award on August 23, 1990, and in January 1992 petitioned the district court for review of the award under 45 U.S.C. Sec. 153, First (q) (1988). The district court denied Mattarocci's petition on March 19, 1993. On September 17, 1993, Mattarocci filed this complaint claiming his union breached its duty of fair representation by mishandling his grievance before and during arbitration. Concluding Mattarocci's cause of action accrued over three years earlier when he learned of the arbitration award, the district court dismissed Mattarocci's claim because the applicable statute of limitations is six months. See 29 U.S.C. Sec. 160(b) (1988); Skyberg v. United Food & Commercial Workers Int'l Union, 5 F.3d 297, 301 (8th Cir. 1993).
 
 
 2
 On appeal, Mattarocci concedes the six-month statute of limitations but argues his cause of action did not accrue until the district court denied his petition for review of the arbitration award. We disagree. A claim against a union for breach of duty of fair representation accrues when the claimant knew or reasonably should have known the breach has occurred. Id. Because Mattarocci's complaint focuses on the union's claimed misconduct in handling his grievance and in presenting the grievance to the arbitration board, we conclude Mattarocci's cause of action accrued no later than when he learned of the adverse arbitration award. See, e.g., Galindo v. Stoody Co., 793 F.2d 1502, 1509 (9th Cir. 1986) (cause of action accrues when employee learns of arbitration award); Bonds v. Coca-Cola Co., 806 F.2d 1324, 1326 (7th Cir. 1986) (cause of action accrues on date of arbitration award).
 
 
 3
 Accordingly, we affirm.